UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  18-cv-61234-BB

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ISAAC GROSSMAN,
ADRIANA GROSSMAN,
DRAGON-CLICK CORP., and
DRAGON MANAGEMENT, LLC,

Defendants.
_____/

## FINAL JUDGMENT AS TO ALL DEFENDANTS

**This Cause** comes before the Court on Plaintiff Securities and Exchange Commission's

Motion to set the disgorgement, prejudgment interest, and civil penalty amounts against

Defendants Isaac Grossman, Adriana Grossman, Dragon-Click Corp ("Dragon-Click"), and

Dragon Management, LLC ("Dragon Management") (collectively, "Defendants").   The

Defendants previously consented to a Judgment against them imposing permanent injunctions

and ordering them to pay disgorgement, prejudgment interest, and a civil penalty in amounts to

be determined upon the Commission's Motion, which the Court entered.  *See* ECF No. [26].

The Court has carefully considered the Commission's Motion, the record in this case, and

the applicable law, and is otherwise fully advised.

## I.    PERMANENT INJUNCTIONS

**IT IS ORDERED** that **Defendants Isaac Grossman, Adriana Grossman, Dragon-

Click, and Dragon Management**, and their respective directors, officers, agents, servants,

employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are permanently restrained and enjoined from violating:

### a.   *Section 17(a)(1) of the Securities Act*

Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; or (E) the misappropriation of investor funds or investment proceeds;

### b.   *Section 17(a)(2) of the Securities Act*

Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities;

(B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; or (E) the misappropriation of investor funds or investment proceeds;

### c.   Section 17(a)(3) of the Securities Act

Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; or (E) the misappropriation of investor funds or investment proceeds.

### d.   Section 10(b) and Rule 10b-5(a) of the Exchange Act

Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any

investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; or (E) the misappropriation of investor funds or investment proceeds;

### e.   Section 10(b) and Rule 10b-5(c) of the Exchange Act

Section 10(b) and Rule 10b-5(c) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that **Defendants Isaac Grossman and Dragon-Click**, their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are permanently restrained and enjoined from violating:

### f.   Section 10(b) and Rule 10b-5(b) of the Exchange Act

Section 10(b) and Rule 10b-5(b) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or

of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; or (E) the misappropriation of investor funds or investment proceeds.

## II.    DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTIES

**IT IS FURTHER ORDERED AND ADJUDGED** that **Dragon-Click** is liable for disgorgement of $1.6 million, representing the amount of investor funds gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $20,164.38, for a total of $1,620,164.38.   Dragon-Click shall also pay a civil penalty of $750,000. Dragon-Click shall satisfy the disgorgement, prejudgment interest, and civil penalty by paying $2,370,164.38 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Dragon-Click may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Dragon-Click may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, Dragon-Click as the defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Dragon-Click shall simultaneously transmit photocopies of evidence of payment and case identifying information to Amie Riggle Berlin, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. By making this payment, Dragon-Click shall relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Dragon-Click.

The Commission may enforce the Court's Final Judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Dragon-Click shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED AND ADJUDGED** that **Isaac Grossman** is jointly and severally liable with Dragon-Click for disgorgement of $1,019,000, representing the amount Grossman profited as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,842.19, for a total of $1,031,842.19.  Grossman shall also pay a civil penalty of $160,000. Grossman shall satisfy the disgorgement, prejudgment interest, and civil penalty by paying $1,191,842.19 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Grossman may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Grossman may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, Grossman as the defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Grossman shall simultaneously transmit photocopies of evidence of payment and case identifying information to Amie Riggle Berlin, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. By making this payment, Grossman shall relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Grossman.

The Commission may enforce the Court's Final Judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Grossman shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED AND ADJUDGED** that **Dragon Management** is liable for disgorgement of $547,000, representing the amount Dragon Management profited as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the

amount of $6,893.70, for a total of $553,893.70.   Dragon Management shall also pay a civil

penalty of $750,000. Dragon Management shall satisfy the disgorgement, prejudgment interest,

and civil penalty by paying $1,303,893.70 to the Securities and Exchange Commission within 14

days after entry of this Final Judgment.

Dragon Management may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made

directly   from   a   bank   account   via   Pay.gov   through   the   SEC   website   at

http://www.sec.gov/about/offices/ofm.htm. Grossman may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court, Dragon Management, as the defendant in this action, and specifying that payment is

made pursuant to this Final Judgment.

Dragon Management shall simultaneously transmit photocopies of evidence of payment

and case identifying information to Amie Riggle Berlin, Senior Trial Counsel, Securities and

Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  By making

this payment, Dragon Management shall relinquish all legal and equitable right, title, and interest

in such funds and no part of the funds shall be returned to Dragon Management.

The Commission may enforce the Court's Final Judgment by moving for civil contempt

(and/or through other collection procedures authorized by law) at any time after 14 days

following entry of this Final Judgment.  Dragon Management shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED AND ADJUDGED** that **Adriana Grossman** is liable for disgorgement of $293,000, representing the amount she profited as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,692.60, for a total of $296,692.60.  Adriana Grossman shall also pay a civil penalty of $160,000. Dragon Management shall satisfy the disgorgement, prejudgment interest, and civil penalty by paying $456,692.60 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Adriana Grossman may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Adriana Grossman may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, Adriana Grossman, as the defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Adriana Grossman shall simultaneously transmit photocopies of evidence of payment and case identifying information to Amie Riggle Berlin, Senior Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. By making this

payment, Adriana Grossman shall relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Adriana Grossman.

The Commission may enforce the Court's Final Judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Adriana Grossman shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## III.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The above-styled action is administratively **CLOSED**.

2.  The Clerk of Court shall **CLOSE** this case for administrative purposes only.

3.  To the extent not otherwise disposed of, all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of October, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record